RAMÓN MONTANER, AS MANAGER OF THE STATE INSURANCE FUND, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent; and RAMÓN LUIS GARCÍA ROBLES, injured workman.

No. 33. Argued November 7, 1938.—Decided January 17, 1939.

*B. Fernández García, Attorney General, Emilio de Aldrey Assistant Attorney General, Luis Negrón Fernández* and *G. Atiles Moreu* for petitioner. *Virgilio Brunet* for the injured workman.

MR. JUSTICE WOLF delivered the opinion of the Court.

Section 8 of Act No. 75 of 1921 (Session Laws, p. 678), regulating the employment of minors, requires an employer who engages child labor between the ages of 14 and 16 to "procure and keep on file" a special permit obtained from the Department of Labor authorizing such children to work during the school course. We have before us the case of an accident incurred by a child of 14 while employed in violation of the above provision. Does the Workmen's Compensation Act protect such a child? The Manager of the State Fund originally denied compensation on the ground that the act did not cover illegally employed workmen. The Industrial Commission reversed and awarded compensation.

On July 13, 1938, we reversed the decision of the Commission but subsequently set aside our judgment and granted a new hearing which was held on November 7, 1938.

The situation involved in the present appeal offers strong grounds for deciding the issue either way. After two full discussions of the question we are inclined to favor the position taken by the Industrial Commission.

The Workmen's Compensation Act of 1935 (Act No. 45, Session Laws, p. 250) states that "workman" or "employee" shall be understood to mean any person in the service of any individual, partnership, etc. It also provides that the words " 'workman' or 'employee' include every laborer employed in any manufacturing, commercial or agricultural establishment or occupation by any natural or artificial person, for any compensation, and by the Insular Government or any of its dependencies, according to the purposes of this Act."

By the above terms a child of 14, though employed without a permit, is a "workman" or "employee" under the act. The prohibition in section 8 of the Child Labor Act, supra, reads as follows:

"That no child of fourteen and under sixteen years of age shall be employed, permitted or suffered to work in, about, or in connec-

tion with any gainful occupation with the exception of domestic, . . . *unless his employer* procures and keeps on file and accessible to any officer, inspector, or other person authorized to enforce or aid in enforcing this Act a permit to work during the school course, issued as hereinafter described . . ." (Italics supplied.)

It may be seen from the above provision that the require- ment is to be fulfilled by the employer. No duty is placed upon the child. The implication from the wording of the section, furthermore, is that it is the employer who should not permit or suffer the child to work for him under such circumstances. Both the punishment (see section 19) and limitation are directed at the employer. The contract of employment may be enforced by the child with respect to earned wages.

From the publication presented to us on reconsideration (Publication No. 214 of the United States Department of Labor, entitled "The Illegally Employed Minor and the Workmen's Compensation Law") it appears that there are fifteen states of the union which, like our own jurisdiction, have no specific provision in their Workmen Compensation Laws with regard to minors. Nine of these states, to wit, Connecticut, Massachusetts, Ohio, Idaho, Kansas, Maine, New Hampshire, New Mexico and Wyoming have decided to include the illegally employed minor. The District of Colum- bia has likewise done so. Six states have excluded such minors from the pale of the compensation laws. These are Delaware, Iowa, Oklahoma, South Dakota, Tennessee and Vermont. It is also true that only in eight states has the question come before the courts, and that the others have acted administratively.

Weighing the hardship to injured children so employed, if forced to recur to the courts, against the burden upon the Insurance System should they be protected, we find the for- mer to be the greater of the two. The employer can still be prosecuted under the Child Labor Act, and the number of accidents of this nature are so negligible that their effect

on the State Insurance Fund or on the relative risk and responsibility of other employers in the same group may be disregarded.

If children of a permissible age of employment are injured they should be protected by the terms of the Workmen's Compensation Act, for they are just as much "workmen" under the Act as adult labor. No distinction is made in the statute. The result of the omission of the employer should not be suffered by the child. Until the legislature expresses its intention to exclude illegally employed minors from the protection of the Compensation Law, they should not be denied such protection.

For the above reasons, the decision of the Industrial Commission should be affirmed.